UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:22-cr-30-KKM-AEP
18 U.S.C. § 371

MAYRA VELASQUEZ

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**
**(Wire Fraud Conspiracy)**

A. **Introduction**

At all times material to this Information:

1. Best Florida Construction Inc. ("Best Construction") was a corporation registered with the Florida Department of State. Best Construction was created on or about June 2, 2010, and its principal place of business was at an address in Hillsborough County, in the Middle District of Florida. Defendant MAYRA VELASQUEZ was the only director of Best Construction at its creation and was the company's President and Secretary.

2. The defendant, MAYRA VELASQUEZ, managed and directed the operations of Best Construction.

3. Under Florida law, any contractor or subcontractor who engaged in any public or private construction was required to secure and maintain coverage valid

under state law for worker's compensation insurance (hereinafter "worker's compensation insurance"). A contractor was required to obtain from its subcontractors evidence that the subcontractors had worker's compensation insurance coverage for their workers. Failure to maintain worker's compensation insurance was a felony offense under Florida law.

4. Providers of worker's compensation insurance based the premiums they charged and the amount of coverage they provided on the number of employees a company had and the total annual payroll of those employees.

5. Businesses frequently provided proof of worker's compensation insurance coverage in the form of a Certificate of Liability Insurance, a document declaring that the subcontractor has the requisite insurance coverage. This certificate of insurance ("COI") stated only that the business had worker's compensation insurance and did not include the number of workers or the amount of payroll covered by the insurance policy.

6. Best Construction had agreements with contractors and subcontractors (hereinafter, collectively "contractors") to use workers purported to be "Best Construction employees" at construction sites and these workers were often undocumented aliens who were actually working for and under the daily supervision and direction of the contractors.

7. Best Construction received "payroll checks" from contractors that were cashed at various financial institutions to pay "Best Construction employees" and other related expenses.

### B.  Charge

8.  From in or about June 2010, through in or about December 2017, in the Middle District of Florida, and elsewhere, the defendant,

MAYRA VELASQUEZ,

did knowingly and voluntarily, combine, conspire, confederate, and agree with other persons, known and unknown to the United States, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C.  Manner and Means

9.  The manner and means by which the conspirators carried out the conspiracy included, among others, the following:

(a)  It was a part of the conspiracy that the defendant, through Best Construction, would and did facilitate the employment in the construction industry of undocumented aliens working illegally in the United States by purporting to employ such workers as its employees at various construction jobsites.

(b)  It was further a part of the conspiracy that construction contractors would and did enter into agreements with Best Construction through which Best Construction provided COIs for those workers who actually worked under the direction and supervision of the contractors.

(c)  It was further a part of the conspiracy that defendant VELASQUEZ and others would and did provide, and cause to be provided, false and fraudulent information to worker's compensation insurance carriers in order to secure COIs.

3

(d) It was further a part of the conspiracy that defendant VELASQUEZ and others would and did send, and cause to be sent, wire transmissions in interstate commerce to numerous contractors that contained false and fraudulent COIs that reflected that "Best Construction employees" had the requisite worker's compensation insurance coverage, which was not the case.

(e) It was further a part of the conspiracy that said contractors would and did provide checks to Best Construction for the contractors' jobsite workers' wages.

(f) It was further a part of the conspiracy that conspirator VELASQUEZ and others would and did cash said contractors' checks and pay that cash to the contractors' jobsite workers, retaining a percentage of those payments as a fee.

(g) It was further a part of the conspiracy that the contractors who actually supervised and controlled "Best Construction employees" would and did fail to pay any federal payroll taxes on behalf of these workers.

(h) It was further a part of the conspiracy that defendant VELASQUEZ and others, including contractors doing business with Best Construction, would and did conceal that: (1) construction jobsite workers were not legally authorized to work in the United States; (2) jobsite workers were not covered under worker's compensation insurance, as required; and (3) required state and federal payroll taxes were not being paid for these workers.

(i) It was further a part of the conspiracy that defendant VELASQUEZ and other conspirators would and did perform acts and make statements to hide and conceal and to cause to be hidden and concealed, the purposes of and the acts done in furtherance of said conspiracy.

### D. Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

(a) On or about June 2, 2010, defendant MAYRA VELASQUEZ registered Best Construction Inc., and caused it to be registered, as a corporation with the Florida Department of State.

(b) On or about June 17, 2010, defendant MAYRA VELASQUEZ did apply for workman's compensation insurance and did declare in that application that Best Construction employed a total of eight (8) employees, not including herself, and had an estimated yearly payroll of $90,000.00.

(c) On or about December 16, 2018, the defendant MAYRA VELASQUEZ signed a quitclaim deed transferring to another person the property located at 846 Riggs Circle, Davenport, Florida which had previously been titled in the name of the defendant, which property had been purchased with funds that were proceeds from the operation of Best Construction.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
## (Tax Fraud Conspiracy)

### A. Introduction

Part A of Count One of this Information is realleged and incorporated as though fully set forth herein.

### B. Charge

From in or about June 2010, through in or about December 2017, in the Middle District of Florida, and elsewhere, the defendant,

MAYRA VELASQUEZ,

did knowingly and willfully combine, conspire, confederate, and agree with other person, both known and unknown to the United States, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS"), an agency of the United States Department of the Treasury, in the ascertainment, computation, assessment, and collection of federal payroll taxes, specifically Federal Insurance Contributions Act taxes (Social Security tax and Medicare tax) and federal income tax, by deceit, craft, and trickery.

### C. Manner and Means

Part C of Count One of this Information is realleged and incorporated as though fully set forth herein.

D.   **Overt Acts**

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

(a)   On or about June 2, 2010, defendant MAYRA VELASQUEZ registered Best Construction Inc., and caused it to be registered, as a corporation with the Florida Department of State.

(b)   On or about June 17, 2010, defendant MAYRA VELASQUEZ did apply for workman's compensation insurance and did declare in that application that Best Construction employed a total of eight (8) employees, not including herself, and had an estimated yearly payroll of $90,000.00.

(c)   From in or about June 2010, through in or about March 2017, the conspirators requested, and caused to be requested, by electronic transmission in interstate commerce, numerous COIs, including a COI sent by electronic wire to M&N Bxxxxxxxx in Houston, Texas on or about June 1, 2016, relating to a construction company.

(d)   On or about October 28, 2015, the conspirators caused to be filed with the IRS, on behalf of Best Construction, a Form 1120S, U.S. Income Tax Return for an S Corporation ("Form 1120"), for the year ending in December 2011 that under-reported Best Construction taxable wages and falsely reported employment taxes due and owing in the amount of $9,094.00.

(e) On or about October 7, 2015, the conspirators caused to be filed with the IRS, on behalf of Best Construction, a Form 1120S for the year ending in December 2013 that falsely mis-represented $2,033,049.00 as "Contract Labor".

(f) On or about December 16, 2018, the defendant MAYRA VELASQUEZ signed a quitclaim deed transferring to another person the property located at 846 Riggs Circle, Davenport, Florida which had previously been titled in the name of the defendant, which property had been purchased with funds that were proceeds from the operation of Best Construction.

All in violation of 18 U.S.C. § 371.

## **FORFEITURES**

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 371, the defendant, MAYRA VELASQUEZ, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following:

    a. an order of forfeiture in the amount of at least $600,752.00, which represents the approximate amount of proceeds defendant

    MAYRA VELASQUEZ personally obtained as a result of the offense alleged in Count One;

b. the real property located at **470 Lockbreeze Drive, Davenport, FL**, being the same premises conveyed to Guillermo Inamagua and Mayra Velazquez, recorded on March 2, 2015, in Polk County, Instrument No. 2015037226, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

 Lot 30, HAMPTON ESTATES PHAS 2, VILLAGE 4, a subdivision according to the plat or map thereof described in Plat Book 113, at Pages 21 and 22, of the Public Records of Polk County, Florida.

 Parcel Identification Number: 242526-488068-000300;

c. the real property located at **274 Jocelyn Drive, Davenport, FL** being the same premises conveyed to Guillermo Inamagua and Mayra Alejandra Velasquez, recorded on November 21, 2017, in Polk County, Instrument No. 2017223800, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

 Lot 121, POITRAS ESTATES, according to the Plat thereof, recorded in Plat Book 129, Page 21, of the Public Records of POLK County, Florida.

 Parcel Identification Number: 112526-482654-001210;

d. the real property located at **182 Jocelyn Drive, Davenport, FL** being the same premises conveyed to Guillermo Inamagua and Mayra Velasquez, recorded on May 29, 2015, in Polk County, Instrument No. 2015101473, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

 Lot 113, POITRAS ESTATES, according to the Plat thereof, recorded in Plat Book 129, Page 21, of the Public Records of POLK County, Florida.

 Parcel Identification Number: 26-25-11-486254-001130; and

9

    e.    the real property located at **846 Riggs Circle, Davenport, FL** being the same premises conveyed to Mayra Velasquez, recorded on January 9, 2012, in Polk County, Instrument No. 2012004228, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 166, LAKE DAVENPORT ESTATES WEST PHASE 2, according to the Plat thereof, as recorded in Plat Book 101, Pages 28 and 29, of the of the Public Records of POLK County, Florida.

Parcel Identification Number: 26-25-12-999976-001660.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which can not be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
Jay L. Hoffer
Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Acting Chief, Economic Crimes Section